JaSHORTESS, Judge.
Paula Pinell (plaintiff), a nurse, sued her former employer, Greenwell Medical Center, and the doctors who owned the medical center, Hershell Dean and Frederick E. Hackley (defendants).[1] Plaintiff claims her employment was wrongfully terminated and she was defamed by defendants.
Drs. Dean and Hackley and the medical center moved for summary judgment. Plaintiffs counsel prepared a memorandum in opposition to summary judgment, which he states was hand-delivered to the trial judge’s office in accordance with Rule VIII(2)(A) of the Rules of the Nineteenth Judicial District Court.[2] Attached to the memorandum were over one hundred pages of exhibits, including nine affidavits, seven of which were signed. Counsel for defendants concedes he received a copy of the opposition and exhibits.
Two days after the October 23, 1995, hearing, the trial court granted summary judgment and dismissed plaintiffs suit against defendants. The hearing was not transcribed, and the trial court did not provide written reasons. Plaintiff then moved for a new trial. The trial court denied the motion for the following cryptic reasons:
There’s nothing to stop you from filing it on the day of the hearing into the record as evidence. You had an affidavit that was unsigned which you submitted. You could have asked for a continuance to get it signed, and you didn’t. I took before me everything that I had in the record, and there was nothing. That’s why you lost, and that’s why I must rule the same way again.
Mr. Scheuermann, you gave me nothing last year; I ruled against you. I’m ruling against you again.
We are confused by the trial court’s statement that there was nothing in the record. The appellate record contains plaintiffs opposition memorandum and her multitudinous exhibits. It also contains a copy of a letter from plaintiffs counsel to the trial judge stating the statement of contested facts and opposition memorandum ^was enclosed. That letter bears two stamps, one superimposed on the other. One is the clerk of court’s filing stamp. The other is the trial judge’s “Received” stamp. We cannot determine from the record why the trial court basically granted summary judgment by default when the record shows plaintiffs opposition was at least received by the trial judge in accordance with the local rules and may have been filed into evidence.
Louisiana Code of Civil Procedure article 2164 permits this court to render any judgment that is just, legal, and proper. In light of the confusion over whether the documentation opposing defendants’ motion for summary judgment was before the court at the time summary judgment was rendered, we deem it just, legal, and proper to reverse the summary judgment and remand this case to the district court. Defendants are, of course, free to re-urge their motion after remand. Costs of this appeal are assessed equally to plaintiff and defendants.
REVERSED AND REMANDED.

. Plaintiff also sued Hackley's wife, Sheila Hack-ley, and Roberta Tessier, the wife of the doctor for whom plaintiff worked at the medical center.

. That rule provides a memorandum supporting summary judgment is "not to be filed with the Clerk of Court but is to be mailed or hand delivered directly to the office of the trial judge who is to hear the matter." An opposition memorandum must be received "in the office of the judge" at least five working days prior to the hearing. An additional copy of the memorandum "may be filed" with the clerk of court "but same is not required."